UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------

ANTHONY G. GILL,

                         Plaintiff,

      v.                                                    9:00-CV-585

GREGORY E. SMITH and C. LETOURNEAU,
Corrections Officers,

                         Defendants.

-----------------------------------

APPEARANCES:                                    OF COUNSEL:

ANTHONY G. GILL
Plaintiff Pro Se
1880 Valentine Avenue
Bronx, New York 10457

HON. ANDREW CUOMO                     JAMES J. SEAMAN, ESQ.
Attorney General of the State of New York    Asst. Attorney General
Attorneys for Defendants
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

# O R D E R

      Plaintiff Anthony G. Gill brings this civil rights action under 42 U.S.C. § 1983. On December 17, 2002, defendants' motion for summary judgment was granted and a judgment was entered dismissing the complaint in its entirety. On appeal, the Second Circuit vacated the judgment to the extent that it dismissed the retaliation aspects of plaintiff's <u>twelfth</u> and <u>fourteenth</u> causes of action against defendants Gregory E. Smith and C. Letourneau,

Corrections Officers ("defendants"), and remanded only those causes of action for further proceedings.

In September 2007, upon his release from incarceration, plaintiff filed a Notice of Change of Address in this action, as well as in two separate and unrelated federal civil actions which he also is prosecuting, stating his address as 520 Gates Avenue, Brooklyn, New York 11216.

In October 2007, plaintiff filed a Notice of Change of Address in one of the separate and unrelated actions, but not in this action, stating his address as 1140 Pacific Street, Brooklyn, New York 11216.

In December 2007, the Court issued a Notice of Hearing setting a trial date of March 10, 2008, in Utica, New York. The Court, noticing the October 2007 Notice of Change of Address plaintiff filed in the separate and unrelated action, promptly sent via first-class mail a copy of the Notice of Hearing to plaintiff at 1140 Pacific Street, Brooklyn, New York 11216. The Notice of Hearing was returned as undeliverable.

On February 15, 2008, plaintiff filed another Notice of Change of Address in the same separate and unrelated action, but not in this action, stating his address as 1880 Valentine Avenue, #1206, Bronx, New York 10457.

On February 19, 2008, the Court, noticing the February 15 Notice of Change of Address plaintiff filed in the separate and unrelated action, promptly sent via first-class mail the Notice of Hearing to 1880 Valentine Avenue, #1206, Bronx, New York 10457. Two days later, the Clerk's Office sent the Notice of Hearing via certified mail to 1140 Pacific Street, Brooklyn, New York 11216 and 1880 Valentine Avenue, #1206, Bronx, New York 10457.

On February 26, 2008, the Notice of Hearing sent via certified mail to 1880 Valentine Avenue, #1206, Bronx, New York 10457 was returned unsigned and undelivered. On February 28, the Notice of Hearing sent via certified mail to 1140 Pacific Street, Brooklyn, New York 11216 was successfully delivered to that address.

That same day, plaintiff contacted the Clerk's Office by telephone and orally requested an adjournment of the trial date; however, he did not leave a telephone number at which he could be reached. The Court denied plaintiff's request for an adjournment and sent via first-class mail notice thereof to 1140 Pacific Street, Brooklyn, New York 11216 <u>and</u> 1880 Valentine Avenue, #1206, Bronx, New York 10457.

On March 5, 2008, the Court received a letter motion from plaintiff requesting an adjournment of the trial and a forty-five day extension of time to file pretrial papers. The next day, an Order was issued denying plaintiff's letter motion and sent via first-class mail a copy thereof to 1140 Pacific Street, Brooklyn, New York 11216 <u>and</u> 1880 Valentine Avenue, #1206, Bronx, New York 10457.

On March 10, 2008, plaintiff failed to appear for trial. Defendants moved to dismiss the complaint on the grounds that (1) plaintiff failed to notify the Court of a change of address under Local Rule 41.2(b) and Federal Rule of Civil Procedure 41(b); (2) plaintiff failed to prosecute under Rule 41(b); and (3) defendants are entitled to qualified immunity.

Defendants' motion will be granted on the ground that plaintiff failed to notify the Court of a change of address under Local Rule 41.2(b). Plaintiff changed his address in October 2007 and February 2008 without notifying this Court pursuant to Local Rules 10.1(b) and 41.2(b). The only reason the Court was able to maintain some level of communication with plaintiff with regard to important matters concerning this action was due to its diligence in

discovering that plaintiff filed Notices of Change of Address in a separate and unrelated action.

Additionally, plaintiff has failed to appear before this Court on the trial date despite receiving proper notification of that date and the denial of his request for an adjournment. Thus, plaintiff has failed to prosecute this action, rendering it subject to dismissal under Rule 41(b).

Finally, defendants are not entitled to qualified immunity.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss on qualified immunity grounds is DENIED;

2. Defendants' motion to dismiss is otherwise GRANTED;

3. The twelfth and fourteenth causes of action in the complaint are DISMISSED; and

4. The complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

_____
United States District Judge

Dated: March 11, 2008
       Utica, New York.